JACKSON *v.* CONSTRUCTION COMPANY.

The defendant filed an answer, and upon issues joined the jury returned the following verdict:

1. Did the defendant and the plaintiff enter into the contract marked "Exhibit A," as alleged in the complaint? Answer: Yes.

2. Did the defendant breach said contract? Answer: Yes.

3. In what amount, if any, is the defendant indebted to the plaintiff? Answer: $1,501.25, with interest.

Judgment for the plaintiff and appeal by defendant upon assigned error.

*Thaddeus A. Adams for appellant.*
*Stewart, MacRae & Bobbitt for appellee.*

PER CURIAM. The defendant relies principally on the fourth and eleventh exceptions, which are addressed to the judge's refusal to dismiss the action as in case of nonsuit. We have scrutinized these exceptions and the remaining eleven, and find no error in any of them which entitles the defendant to a new trial.

No error.

---

BERRY JACKSON v. J. A. JONES CONSTRUCTION COMPANY.

(Filed 8 May, 1929.)

APPEAL by defendant from *Sink, Special Judge,* at February Special Term, 1929, of MECKLENBURG.

Civil action by plaintiff, employee of the defendant, to recover damages for personal injury, alleged to have been caused by the negligence of the defendant's foreman, in directing and requiring plaintiff, while engaged in construction work in the city of Charlotte, to carry a crooked piece of steel, 10 or 15 feet long, weighing three or four hundred pounds, across a ditch four feet wide and about four feet deep, without any assistance, which caused plaintiff to fall, as he jumped the ditch, and resulted in serious injury to one of his legs.

Upon denial of liability and issues joined, there was a verdict and judgment for the plaintiff, from which the defendant appeals, assigning errors.

*G. T. Carswell and Joe W. Ervin for plaintiff.*
*J. Laurence Jones for defendant.*

DODSON *v.* COTTON COMPANY.

PER CURIAM. The case presents no new question of law. It is not different in principle from *Cherry v. R. R.,* 174 N. C., 263, 93 S. E., 783, or *Pigford v. R. R.,* 160 N. C., 93, 75 S. E., 860. On authority of these cases the judgment will be upheld.

No error.

———

DODSON & COMPANY *v.* GROVES COTTON COMPANY.

(Filed 8 May, 1929.)

APPEAL by defendant from *Stack, J.,* at January Term, 1929, of GASTON.

Civil action for breach of contract, tried upon the following issues:

"1. Did the defendant, L. C. Groves, doing business as Groves Cotton Company, contract with the plaintiffs, Dodson & Company, for a shipment and delivery of 100 bales of cotton, middling white, equal type, 'Best' to be shipped to Gastonia, N. C., on or before 15 December, 1927, at the price of 28½ cents per pound, as alleged in the complaint? Answer: Yes.

2. If so, did the plaintiff comply with the order and ship the cotton as directed? Answer: Yes.

3. If so, did the defendant breach his contract as alleged? Answer: Yes.

4. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $3,176.64."

Judgment on the verdict for plaintiffs, from which the defendant appeals, assigning errors.

*P. W. Garland for plaintiffs.*
*Mangum & Denny for defendant.*

PER CURIAM. The appellant presents a large number of exceptions and assignments of errors, but a careful perusal of the record leaves us with the impression that the case has been tried substantially in accord with the principles of law applicable, and that the verdict and judgment should be upheld. No action or ruling on the part of the trial court has been discovered by us which we apprehend should be held for reversible error.

The case narrowed itself largely to one of controverted facts, determinable only by a jury verdict, which has been rendered in favor of the plaintiffs.

No error.